UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DANIELLE O'DOWD,<br>    Plaintiff | :<br>:   C.A. No.:<br>: |
| v. | :<br>: |
| JACKY'S GALAXIE<br>PROVIDENCE, INC.,<br>    Defendant | :<br>:<br>: |

## COMPLAINT

### I. Introduction

This is an action brought by the Plaintiff against the Defendant seeking compensatory and punitive damages, as well as attorneys' fees, litigation expenses and other equitable relief to remedy the unlawful discrimination on account of her disability and/or perceived disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101, *et seq.*, the Rhode Island Fair Employment Practices Act ("FEPA"), R.I.G.L. §28-5-1, *et seq.* and the Rhode Island Civil Rights Act of 1990 ("RICRA"), R.I.G.L. §42-112-1, *et seq.*

### II. Parties

1.  The Plaintiff is a resident of the City of Warwick, County of Kent, State of Rhode Island.

2.  Defendant Jacky's Galaxie Providence, Inc. ("Jacky's") is a corporation duly organized pursuant to the laws of the State of Rhode Island with its principal place of business located at 200 Exchange Street, Providence, RI 02903.

1

## II. Jurisdiction

3. This Court has jurisdiction over the Plaintiff's claims under the ADA and supplemental jurisdiction over the Plaintiff's claims under the FEPA and the RICRA pursuant to 28 U.S.C. §1367.

## IV. Venue

4. Venue is proper in this Court insofar as a substantial portion of the events or omissions giving rise to the within claim occurred in Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

## V. Exhaustion of Administrative Remedies

5. On or about March 9, 2023, the Plaintiff timely co-filed a charge of discrimination against the Defendant with the Rhode Island Commission for Human Rights ("RICHR"), RICHR No: 23 EPD 211, and the United States Equal Employment Opportunity Commission ("EEOC"), EEOC No: 16J- 2023-00108.

6. On or about September 9, 2024, more than one hundred twenty (120) days, but less than two (2) years after the charge was filed, the Plaintiff requested that the RICHR and the EEOC issue a right to sue letter.

7. On or about October 1, 2024, the Plaintiff was issued a notice of right to sue by the RICHR and has timely instituted suit thereon.

8. On or about December 5, 2024, the Plaintiff was issued a notice of right to sue by the EEOC and has timely instituted suit thereon.

## VI.     Material Facts

9.     On July 5, 2018, the Plaintiff was hired by Defendant Jacky's as a bartender. During all relevant time periods, her work performance was satisfactory and met Defendant Jacky's legitimate expectations.

10.    During her adolescence, the Plaintiff experienced frequent seizures which required medical treatment; however, after she reached thirteen (13) years of age, the seizure activity ceased.

11.    Prior to reporting to work at on October 19, 2022, the Plaintiff experienced nausea.

12.    About thirty (30) minutes after her arrival at work on October 19, 2022, the Plaintiff felt lightheaded and dizzy.

13.    Due to these symptoms, the Plaintiff went into a private dining area to sit down for a few minutes hoping that the symptoms would subside.

14.    Shortly thereafter, Val Astrologio, the general manager at Defendant Jacky's, and an individual he was interviewing for a position of employment, entered the private area. Mr. Astrologio stated to the Plaintiff "go find somewhere else to be…I need to do an interview."

15.    The person who was being interviewed then stated to the Plaintiff, "Oh my God, are you alright?" The Plaintiff responded that she couldn't leave the room because she couldn't walk. Mr. Astrologio and the person being interviewed then left the room.

16.    The Plaintiff then began vomiting and sweating profusely and laid on the floor.

17.    Raymond,[1] an assistant manager at Defendant Jacky's, and Kent,[2] a server at Defendant Jacky's opened the doors to the private room and spoke to each other before Kent tossed some napkins on the table before leaving the room.

---

[1] At this time, Plaintiff does not recall his last name.
[2] At this time, Plaintiff does not recall his last name.

18. As the Plaintiff laid on the floor, she saw Pricilla,[3] a server at Defendant Jacky's, through a crack in the door and asked her to call an ambulance.

19. The ambulance arrived approximately thirty (30) minutes later and transported the Plaintiff to Rhode Island Hospital where she was stabilized and told to follow-up with her primary care physician.

20. Later that night, Peter Kowalski, a bartender at Defendant Jacky's, texted the Plaintiff informing her that he was covering her shift on October 20, 2022.

21. On October 21, 2022 at 5:03 p.m., the Plaintiff sent a text to Mr. Astrologio stating that she was "waiting on her test results still[,] but she could work tomorrow…if she hadn't already been covered." The Plaintiff did not receive a response from Mr. Astrologio.

22. On October 21, 2022, at 11:59 p.m., the Plaintiff again texted Mr. Astrologio to which Mr. Astrologio responded that he replaced her and that he "did what [he] need[ed] to do to run a business."

23. Despite her disability and/or perceived disability, the Plaintiff was still qualified to perform her job with or without a reasonable accommodation.

24. The purported reason for the Plaintiff's termination was a pretext for disability and/or perceived disability discrimination.

25. Defendant Jacky's actions and/or omissions are in violation of the ADA, FEPA and the RICRA and were motivated by malice and ill will toward the Plaintiff, and Defendant Jacky's actions were intentional, willful, malicious, and taken with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

---

[3] At this time, Plaintiff does not recall her last name.

26. As a proximate result of Defendant Jacky's unlawful acts and/or omissions, including, but not limited to, those described herein, the Plaintiff suffered loss of income, as well as employment benefits, mental and physical anguish, pain and suffering and loss of enjoyment of life.

### VII.   Claims for Relief

27. The Plaintiff incorporates the allegations contained in paragraphs 1 through 26 above in the counts set forth below.

### Count One
### 42 U.S.C. §12101, *et seq.*

28. Defendant Jacky's, by its acts and/or omissions, including, but not limited to, those described herein, constitute discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the ADA.

### Count Two
### Unlawful Discrimination—R.I.G.L. §28-5-1, *et seq.*

29. Defendant Jacky's, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her disability and/or perceived disability in violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the FEPA.

### Count Three
### Unlawful Discrimination—R.I.G.L. §42-112-1, *et seq.*

30. Defendant Jacky's, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful disability discrimination against the Plaintiff in violation of

the Rhode Island Civil Rights Act of 1990, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the Rhode Island Civil Rights Act of 1990.

### VIII. Prayers for Relief

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1. a declaratory judgment that Defendant Jacky's, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*;

2. enjoining and permanently restraining Defendant Jacky's from violating the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*;

3. award the Plaintiff back pay, including incremental increases, pension benefits, health and dental benefits and other benefits, plus prejudgment interest thereon;

4. award the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon;

5. award the Plaintiff punitive damages;

6. award the Plaintiff reasonable attorney's fees and costs of litigation; and,

7. such other and further relief as the Court deems just and proper.

### VIII. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## IX.  Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire as trial counsel.

Plaintiff,<br>
By her attorneys,

Date: December 23, 2024

/s/ V. Edward Formisano
V. Edward Formisano (#5512)
Formisano & Company, P.C.
100 Midway Place, Suite 1
Cranston, RI  02920
(401) 944-9691
(401) 944-9695 (facsimile)
edf@formisanoandcompany.com

## CERTIFICATION

I hereby certify that on the 23rd day of December, 2024, I caused the within to be electronically filed with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System.

/s/ V. Edward Formisano